I plan to address the jury instruction, the forfeiture order, evidentiary issues, and I hope to save four minutes for rebuttal. On the jury instruction, the district court added the word participate to the mail-in wire fraud instructions, thereby diluting the government's burden of proof and expanding the scope of criminal liability beyond what Congress codified. Counsel, we have, as I understand it, we have in terms of our ability as a three-judge panel to deal with this argument, it appears to me that there's long-standing Ninth Circuit precedent that says, that uses participation. For example, U.S. v. Mannion, it says anyone who knowingly and intentionally participates in the execution of a fraudulent scheme comes within the appropriate statutes. So in view of that extensive precedent on this point, what do you expect our panel to do? Your Honor, I'd say the government did point to, as what they said, a wall of precedent, but my response is that even three decades of error doesn't make it right. Well, that may be, but in terms of the power of a three-judge panel, we are not, by our own jurisprudence, we cannot overrule any prior precedent unless there's an intervening Supreme Court case or en banc case that is to the contrary. So how do you, what is the avenue that you suggest other than preserving this issue for a request for en banc review? Your Honor, another way a panel can review a decision that seems to have been decided by other panels is if the actual argument being raised in this Court is not, has not been addressed by the other panels. But it has indirectly, because you're saying the interpretation contained in these instructions is wrong, but that interpretation is completely consistent with our precedent. Your Honor, what I believe is that there's a separation of powers argument that has not been raised before, and I think I can make that clear with pointing out the difference between Congress, in the wire fraud and mail fraud statute, punished someone who devises or intends to devise a scheme to defraud. In a separate statute, in the aiding and abetting statute, Congress punished those who may participate. And what my argument is, is that no court has the right to essentially combine those two statutes into a new offense, and that's essentially what happened here. That's an argument that I did not see in any of the prior cases, and I believe this Court can review that. Counsel, was this raised before the district court, this argument? Your Honor, the argument in front of the district court preserved an objection to the fact that the statute did not include the word participate. I relied on due process and on the Supreme Court's decision in Alanis. I think in these circumstances, due process and separation of powers are really two sides of the same coin. In a defendant's due process rights. I've heard that before. That's an interesting concept. Do you have any case that would suggest that they are two sides of the same coin? Well, certainly, Your Honor. This term in Demeyer versus — in Sessions v. Demeyer, Judge Gorsuch wrote extensively about separation of powers, and he referred to separation of powers as the corollary to the due process-based notion of void for vagueness. So I think they're linked, and especially in this circumstance, Your Honor, a defendant's due process rights are violated by conviction for an act that the criminal statute does not prohibit, and the court violates separation of powers by expanding a criminal statute to encompass that act. So we're talking about the same problem, that the court has added something to a statute and it — Well, you know, this strikes me that what you're doing is quite innovative, but really it seems to me that you're trying to constitutionalize what actually is a statutory interpretation disagreement. That is, the court has interpreted the statute in a particular way, and you think that interpretation is wrong, and you have a lot of reasons for thinking that, but I don't really understand why that is different than what our previous cases have decided. I know that you're trying to make it a constitutional issue, but it strikes me that it really is not. Your Honor, I think due process does clearly state that a defendant cannot be convicted for an act that Congress does not prohibit. And perhaps I could turn again to the idea between — the difference between the aiding and abetting and the wire fraud statute, because I think that does help us understand this. This Court's precedents that allow the use of the word participate stem from cases that charged conspiracy or co-conspirator liability. And unfortunately, the language from conspiracy, which does include participation, got brought into this, the case law that is about the actual elements of wire and mail fraud. And that's why this district's, this circuit's case law is in such disarray. As you mentioned, some cases refer to willful participation. Some only require knowing participation. The district court in this case simply used participate without even knowingly. And as you're aware, this Court's model instructions refer to allow the use of the word participate. The model instructions in other circuits, in the Third and Tenth Circuit — I have to get you the exact site — in two circuits, they require willful participation. In two other circuits, they don't use the word participate at all. So I think the case law is begging for correction. And, Your Honor, in this particular case, the Court did give an appropriate instruction on aiding and abetting. In the aiding and abetting instruction, which is at ER 90 and 91, the Court told the jury that Mr. Holden could be convicted as an aider and abetter if, among other things, he acted with an intent to facilitate wire fraud. And then the Court defined that further and explained a defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advanced knowledge of the crime. That's the culpable level of participation that's required for aiding and abetting. And the problem that occurred here is that although that aiding and abetting instruction was accurate, it created a culpable level of participation, the district court undermined that instruction by including participate in the elements for mail and wire fraud itself.  That's the constitutional violation. Mr. Holden could have been convicted based on instructions that did not define a crime. And so your argument, if my colleague is right and I agree with her that we can't really do anything about this given our precedent, then you can either get an en banc review if you can, or you go to the Supreme Court and let the Supreme Court resolve what you claim is a dispute among circuits. That's what they're for, right? Yes, Your Honor, although I assume I have a much greater chance of getting a decision from you than from the Supreme Court. I'm very good at getting the Supreme Court to pay attention. I do believe this Court would have the authority to review this question, and I won't pursue it further. But because this particular issue was not decided by the other cases and because the case law is in disarray, panel teams can look at this law and try to correct it. And I urge the Court to do that, because it does violate due process and separation of powers for a court to add an element to a criminal statute. We respect your argument. It's a tough one. Do you have a better argument that you want us to listen to? Maybe I can turn to the forfeiture argument, Your Honor. Again, in that situation, I'm asking this Court to not follow a wall of precedent that the government has pointed out. In the forfeiture order, the district court erroneously ordered a $1.4 million personal money judgment against Mr. Holden when the statute provides no authority for a personal money judgment. Forfeiture is punishment, and the court lacks authority to impose punishment that's not authorized by statute. Previous cases in this circuit, for example, Casey, Newman, Lowe, have upheld forfeiture money judgments, but those cases are not controlling for two reasons. First, again, a court is not bound by a prior decision that failed to consider an argument that a later court finds persuasive. And that's Miller v. California Medical. I cite that on our reply brief at page 28. Also, Padilla-Diaz cited there. So if a prior panel did not consider an argument, this Court is not bound by it. And the argument that we raise in our briefs— What about the argument that a number of our judges cite repeatedly, that DICTA has the force of law in Ninth Circuit precedent? Your Honor, I don't even believe that in DICTA a court has cited, has addressed the argument that I raise about statutory construction. So even if there were DICTA, I'm not familiar with it on this issue that I would like to raise, which is, as a matter of statutory construction, this Court should note that Congress added a personal money judgment to a different forfeiture statute. That's the statute that punishes people who smuggle cash, 31 U.S.C. 5332, I believe it is. That statute allows the government to try to find substitute assets. If they can't find the substitute assets, Congress specifically said, then you can get a personal money judgment. That rule about a personal money judgment does not exist in the civil and criminal forfeiture statutes that the government's relying on in this case. So we're looking at 18 U.S.C. section 981 in this case? We're using that one. And in addition, Your Honor, the court, the government relied on 28 U.S.C. 2461, which says you can use the criminal forfeiture statute as well. So they rely on 981, and I believe they're also relying on 853, the criminal forfeiture statute. Neither 981, the civil forfeiture statute, or 853, the criminal forfeiture statute, allow for a personal money judgment. There's nothing in those that authorize that. And now that we know from the Supreme Court recently in both Dean and Honeycut and then just recently in Lagos, I filed a 28-J letter on that, the Supreme Court has repeatedly said when Congress provides a remedy in one section of a statute or in a different statute, this Court should not read that same remedy into a statute that's silent. I didn't find any other case in this circuit where the bulk cash smuggling statute was provided to the Court. You can read that. There's clearly a provision for a personal money judgment in that forfeiture section that doesn't exist in 853. And I think that silence speaks volumes. Are you sure that's not part of the wall of inconsistent precedent to which you make reference? Your Honor, I don't believe so. And I think the next point, Your Honor, is that the Supreme Court's decision in Honeycut also provides reasons for this Court to not follow that previous precedent. Honeycut is intervening Supreme Court authority that's clearly irreconcilable with this panel precedent. And in Casey, for example, Casey relied on 853.0 to construe the statute liberally. In Honeycut, that same section, the Supreme Court said you cannot construe that liberally in a way that adds something to the statute. In addition, Casey and Honeycut construed the same statute, 853, and reached diametrically opposite conclusions. In Casey, the Court decided that personal money judgments could be used to punish those who dissipate proceeds so that you can go get money from people who don't have it anymore. Honeycut came to the exact opposite conclusion. In Honeycut, the Court determined that the government could seize untainted property only if they followed Congress's carefully constructed statutory scheme under 853.0p. So the Honeycut reasoning, mode of analysis, is absolutely contrary to Casey. And for that reason, again, this Court should review those panel decisions. I'd like to go back to 2 1⁄2 minutes, if you'd like to submit. Yes, I'll save my time for rebuttal. Thank you, Your Honor. We'll hear from the government. May it please the Court. Donna Maddox on behalf of the United States. I'd like to move first to clarify the government's position on the standard of review and the preservation of error in the defendant's objections to the jury instruction. First, we do acknowledge that the defendant did object very clearly to the participated in language in the wire fraud and the mail fraud statute. I will note, as Judge Smith pointed out before, that it's the government's position that while the defendant objected to those words, that there was no specific objection based on a violation of separation of powers or as to the process. So you have to be that precise. In other words, if an objection is preserved and arguments are made in support of that, is it permissible to expand on those reasons? Your Honor, I believe it is permissible to expand someone on those reasons, and especially in this case because what the defendant did cite to for the objection was Alanis. But again, Alanis sort of was — the defendant was vague in terms of its application to the actual objection here. So the defendant has made an argument that it's left the door open for arguments such as separation of powers and due process. We're not sure that they've been specific enough in that objection here. I'll move on to address the issue of their objection to the vicarious liability portion of the instructions. We do acknowledge that they, in fact, did preserve their objection to that specific instruction. And therefore, because the issue here is the formulation of the jury instructions, the standard there is abuse of discretion. Counsel, I wonder if I could direct your attention to another aspect of the participation. There was one — only one other participant in the fraud, as I understand. That's Mr. Sharpe? Correct. What's the best evidence that you have to indicate that Holden organized and directed Sharpe as evidence that he was an organizer, leader, manager, or supervisor of the criminal activity as the statute requires? Your Honor, there is a wealth, really an overwhelming amount of evidence in the record that the defendant, Jack Holden, was in fact an organizer. I'd say some of the best evidence starts at the very beginning of the case for us, and that is at the record at pages 597 through 598. This was the government's exhibit 248 at trial. This was a very early email on September 9th of 2007 from Jack Holden to Lloyd Sharpe, otherwise known as Kevin Thomas, where he sends him the information. Jack Holden sends Mr. Sharpe the bank account information for the bank account in Ghana that Jack Holden is directing Mr. Sharpe to send the investor's proceeds to. I just have tremendous difficulty with the government's argument about this enhancement. Basically, what you have is two people who work together to defraud people. Correct. And they're going to discuss, you know, you send this and I'll send that, and that's just sort of an inherent part of two people getting together to commit a crime. And I'm troubled that your argument seems to be that practically any two-person conspiracy, if people talk to each other at all about what they want to happen, is going to result in this enhancement, and I just don't think that's what it's designed for. So, you know, can you even imagine a two-person conspiracy where someone says nothing to the other person about what they want to have happen next? So, anyway, speak to me about my concern. Your Honor, I understand your concerns. There was some debate about that at the trial court level when the discussion was happening on the record. We had a full-day sentencing hearing, which included this particular issue. I think as it applies to Jack Holden and under the case law of the circuit, particularly in Doe, Doe required the imposition or permitted the imposition of this enhancement where the defendant is responsible for organizing others for the purpose of carrying out the crime. And what we have here is not just Jack Holden organizing and being involved with putting together the actions of Lloyd Sharp for the purpose of advancing the crime, but he also coordinated the activities of the many, many, many non-criminal participants in this case that were necessary in order to carry out this crime. Does that count under this enhancement? It does, Your Honor, and that's the specific language of the application underneath Doe in this circuit. Can I turn to a slightly different issue, and that is the restitution order. As you are well aware, in 18 U.S.C. 3664 F.2.A. and also in Ward v. Chavez, the law indicates that when a court orders restitution, it's to indicate the manner and the schedule for the payment of that restitution, and I now quote, in consideration of the financial resources and other assets of the defendant. If the court finds that, and I'm not quoting anymore, if the court finds that immediate restitution is not possible, it has to set a repayment schedule in the judgment of conviction. And that's from Chavez. In this case, the record shows that the court found that immediate restitution was not possible. Nevertheless, it ordered immediate payment. Why wasn't that a clear abuse of discretion? Your Honor, we believe that both under the statutory framework that we cited to our brief and also under this Court's ruling in Chavez, that the district court's restitution order is both lawful and consistent with the statutory framework where the district court orders restitution due immediately, but also sets a payment schedule in consideration of the defendant's economic circumstances. But where is that schedule? Perhaps I missed it. The way I read the order, the court said we recognize this guy has basically nothing, but I order him to immediately pay, what is it, $1.7 million or something like that. I don't see any schedule of payment. Where is that? Your Honor, if I may, I'm going to grab that restitution order I have. It's on page 10 of the first volume of the excerpts of record. There's a payment schedule. And while you're looking for that, I wonder if you'll also address, orally the court said, no matter how long he spends in jail, unfortunately, the victims won't be made whole. I see no real source of restitution that can be found. To the extent that there's a conflict between the written order and the oral, doesn't our case law say that the oral will control? Your Honor, I don't believe that there is necessarily a conflict based on the way that the restitution order and the schedule of payments here plays out. So what we do have at ER-10 is that the court checked box A, that a lump sum payment of $1.4 million was due immediately, and then it goes on to say, and there's another line that adds at the bottom of A, that this can be in accordance with section C or D below. And then the judge does check, in addition to indicating payments to begin immediately, at D, special instructions regarding the payment of criminal monetary penalties below, and then you see below that she orders that the payment should be 50 percent of wages during incarceration if employed, and then the $25 per quarter if the defendant is not, and then later on when he is released, minimum installment possible, less than $100 a month. So, but to go back to my earlier question, it appears to me that the judge acknowledged orally, look, he can't pay it now, and he can't pay it in a lump sum, so if there is any inconsistency, wouldn't that control, that is, he can't pay it all now and only the payment schedule would carry forward? So, I mean, it gets to the same place that you're trying to go, but by a slightly different analytical route. I think it does, Your Honor. It is our position, as we stated, that it is not, again, considering this Court's case law in Chavez and the statutory framework, not an abuse of discretion for a judge to order both. But counsel, with respect, isn't it, black letter law, basically, if in sentencing, if the district judge says one thing orally and there is something else in writing and it comes to us, we send it back to make certain that the written conforms to the oral instruction. Isn't that correct? That's correct. Okay, so why isn't that what we have here? This is part of the sentence. This is part of the judgment. And as my colleague pointed out, the district judge candidly admitted there was no way this guy's going to ever be able to pay this back, never. And yet, you have an instruction that on its face says you've got to pay it right now, and then you have this other little schedule. But even that does not seem to consquare with what was said earlier. So don't we have to conform this, send it back to conform it with what was said orally, i.e., there's no possibility of it being paid? We don't agree with that, Your Honor. And particularly, again, looking back at the Chavez case, in most of these cases where the court is being ordered to put in a payment schedule, it's already in a position where the court is ordering immediate payment. So there's no conflict for the court to say order immediate payment where the court is aware that immediate payment is not going to be collected because the court is also ordering a payment schedule. By ordering immediate payment, the court is obligating the defendant to owe the entire amount, the $1.4 million. Is there another box that can be checked that says this is the total amount, but I recognize that it can't be paid all at once? Or is that? There is no such box, Your Honor. Okay. I will also note that — This is one time when there are insufficient boxes in a government document. And there may be in this case, Your Honor. I will note, though, that in looking at 3664 in total, 3664N allows for if a defendant who is obligated to pay restitution comes into substantial funds while incarcerated, that entire amount of substantial funds must be put towards the restitution obligation. And so there may be some consistency in the immediate order of payment where it could be that the defendant is going to come into — Well, if he won the lottery. If he won the lottery. He didn't have to pay it all. Or there was a money judgment or some kind of settlement, yes. But if that happened, couldn't the — I mean, the alternative, it seems to me, at least in theory, would be to say that the government could come back to court and say we want to alter this payment schedule that needs more than $25 a quarter. Now he gets to pay the full million bucks because he just won the lottery. And then each and every time the government had to come back, Your Honor, there would need to be an additional showing and the existence — Of what? Of the fact that he has the ability to pay at that particular time. That's different than before. Right. But that would be true whether or not that first box was checked, right? That would be true, Your Honor. But again, I believe, and it's the government's position, that both under the statutory framework and the existing case law in the circuit, it was not an abuse of discretion for the court to order so in this case. It just doesn't make any sense, though. I mean, because the statute clearly indicates you have to take into consideration the financial resources and other assets of the defendant. And whatever the box says, the reality is that the court found, under the current circumstance, there was no ability to pay. And the statute, as I read it, this is in the imposition in the first place. So I'm troubled by this. I really am. It's inconsistent to me. I don't get it. And I find it to be inconsistent with what we do with other sentencing irregularities. It is clear from the record, though, Your Honor, that the trial court judge, Judge Brown, did take into consideration the defendant's current ability to pay when she was imposing this order. I have a lot of respect for Judge Brown, but I'm not sure I agree with her about this one. I would also like to address, if I have a moment, an issue that the defense counsel raised in her reply brief that I would just like to respond to related to the evidentiary issues that have been raised. The particular issue that I want to address has to do with what's known as the gold star soap opera, the GSSO, that was not addressed during earlier argument. It's the government's position that these issues are reviewed for abuse of discretion. It was the government's argument, and continues to be, that the district court properly identified and applied the rules regarding particularly hearsay as it applies to the GSSO. The only purpose for which defense offered the GSSO for a non-hearsay purpose was state-of-mind evidence. It was clear, and actually Judge Brown held, that there was entirely lacking in terms of foundation for state-of-mind. In defendant's reply brief at page 14, they cite to an e-mail that shows an exchange between the writer or keeper of the GSSO, Corrina Romero, and Defendant Jack Holden, and they contend that that e-mail provides a significant foundation for state-of-mind, and that should have been sufficient for the judge to recognize that there was a state-of-mind reason to enter this exhibit. And I just want to make sure that the Court is alerted to the dates on that particular e-mail. At best, that e-mail shows that Corrina Romero e-mailed the GSSO to the defendant on December 17th. If you look at that 37-page document, the first date of entry in there is, in fact, December 12th of 2008. There are less than five entries in there on that particular date. So again, at best, the defendant would have read less than five entries, and certainly there is no information that defendant ever read the entire document as it was offered at trial. Your time has expired. Thank you for your argument. Thank you. We would just ask that the Court affirm. Ms. Hay, I'd appreciate your response on the organizer enhancement as to whether you agree or disagree with the sort of abstract proposition that it is sufficient to be an organizer or leader with respect to non-criminal helpers in the scheme. Your Honor, I agree with your position that it's not sufficient, that there has to be a — you have to be an organizer of other culpable participants, and you can't just be two defendants in a conspiracy, that that's not enough. And, Your Honor, I'd also point out that the district court heard the government's arguments about organizers and who's being controlled in the district court, and the court did not accept those. The judge gave the enhancement based on the view that even if they are co-equal, this enhancement applies if the fraud is otherwise extensive. I think that's a legal error based on this Court's case law, and that for that reason alone, the enhancement does not apply. So the government's asking you to look at the record, make a separate fact-finding from what the district court already did. There's no basis to say that Mr. Holden was the organizer of Mr. Sharp on the facts and in the way the government — in the way the court ruled. On the restitution issue, I do agree that this is a — seems to be complicated, but in fact, there is the other box that Your Honor was looking for. That's at ER 9, the page before the schedule of payments. That's where the court sets out the restitution amount owed, the whole $1.4 million. Well, isn't this kind of an easy Scrivener's fix, though? Because there's nothing that I could see that is an abuse of discretion with respect to the actual payment schedule as distinct from the immediate payment. So isn't there — it's kind of a so what, in a sense, because he doesn't have the money and the court recognized that, and we can just uncheck that box, can't we? That would be a reason to remand to ask that box to be unchecked. I think when a defendant leaves custody, what sometimes happens is the financial litigation unit will say, you're in default. You were supposed to pay $1.4 million in full immediately. And that's the word the government left out. It doesn't just say pay $1.4 million immediately. It says pay $1.4 million in full immediately. What would be the practical result if that box were unchecked? That is, page 9 says you owe $1.4 million, page 10 says you don't have much, so give us $25 a quarter or whatever, plus all the other ifs in there. And, you know, he gets out and he wins the lottery. Is the financial division able to come after him if that box is not checked? I think in any case they would have to return to the court to say, here's somebody who's gotten money. Yeah, but that's a yes or no question. Would they be legally entitled to come in and say on page 9 it says you owe $1.4 million and you have that money in your pocket now, so we want it? Absolutely. He's ordered to pay $1.4 million. There's no doubt about that. The question is just can they, without returning to the court, go take the funds from him. So I think it's clear the oral statement was that he's had no money. Box A shouldn't have been checked. Page 9 of the judgment includes the full payment. What is your response to the argument that our case law permits this sort of inconsistency on a single page to exist? I'm not certain what case law permits that. I think it's perhaps an error and a sloppiness that's just occurred. But we should. We should fix this error as well. I don't think the government cited a case that says it's okay to check both boxes. I think it's just a habit that sometimes has occurred. So we would appreciate that this could be fixed. Your Honor, I'm out of time, but I did have some other points I wanted to refer back on the forfeiture argument. You may have about one more minute. Thank you, Your Honor. On the forfeiture issue, I wanted to be sure that when you're reviewing the reasoning in Casey, the Court's aware that Casey relies on Rule 32.2 of the Rules of Criminal Procedure, which refer to a forfeiture, a personal money judgment. But the fact that a rule refers to personal money judgment doesn't give the court authority to impose that if the statute doesn't allow it. And I think that's one of the errors that Casey made. They relied on the rule. Under the Rules Enabling Act, the Federal Rules of Civil Procedure don't create any new rights or remedies. It has to be authorized by statute. And in fact, the committee notes recognize that. The committee notes say that they've reused that term there in light of case law, but they specifically take no position on the correctness of whether personal money judgments could be used. And I think it's imperative that resolution of that reserved question be taken care of in the judicial context, like in this courtroom. So that's an issue, a problem with the Casey reasoning. Your Honor, the other issue that Casey addresses is whether there's any way to get dissipated assets from somebody who has spent all of the money and there's no substitute assets. And respectfully, Congress did provide two ways to try to get dissipated assets. One is under the substitute asset provision, that if somebody has spent all their drug proceeds, that the government's entitled to go see if they have anything else, for example, a house, even if they purchased that before they ever were a drug dealer, Congress can go or the government can go after that substitute asset. So that's one way. And then the second way is that the forfeiture statute itself states that the court can order a fine of no more than twice the gross profits. A fine obviously applies to future earnings. And so that's another way that the government can go get the future earnings of someone who has dissipated his assets on wine, women, and song, as the case law states. Those are two ways that Congress allows. The way that Congress didn't allow was to get a personal money judgment. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate, again, very helpful arguments by both counsel. Wine, women, and song? Wow. That's an old but venerable expression, I guess. Indeed.
judges: Graber, M. Smith, Korman